IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACQUES CASSEUS,  
               *  
   Petitioner,  
  v.             *  CIVIL ACTION NO. AW-06-625

LISA J. W. HOLLINGSWORTH,  
               *  
   Respondents.  
              ***

**MEMORANDUM**

Jacques Casseus, an inmate committed to the custody of the Federal Bureau of Prisons ("BOP") and currently incarcerated at FCI-Cumberland in Cumberland, Maryland, filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, claiming that the BOP has improperly applied a Sex Offender Public Safety Factor ("PSF") to his Custody Classification Form. Paper No. 1. Petitioner clams that his fiancee filed a false police report alleging that Petitioner raped her and cut her and that she was forced to testify against him. *Id.* Petitioner seeks injunctive relief whereby the Court Order the BOP to remove the PSF thus permitting Petitioner to access additional programs. *Id.*

Respondents have filed a Return and Motion to Dismiss or in the Alternative Motion for Summary Judgment. Paper No. 3. Petitioner has filed a Traverse. Paper No. 12.[1] No oral argument is necessary because the issue has been fully briefed. *See* Local Rule 105.6 (D. Md. 2004). For the

---

1 Petitioner has also filed a Motion for Leave to file an Amended Petition and a Motion for Discovery. Paper Nos. 13 and 19. The Motions have been opposed by Respondent. Paper Nos. 21.
  Petitioner's Motion for Leave to Amend shall be granted. The Motion and Amended Complaint simply elaborate the facts relied on by Petitioner in support of the original Petition. Fed. R. Civ. P. 15.
  For the reasons found by the Court in denying and dismissing the instant Petition, Petitioner's Motion for Discovery shall be denied. The Court does not find that the documents requested by Petitioner would assist him in prosecuting his claim. *See* Local Rule 104.4. (D.Md. 2004)(unless otherwise ordered by the court, discovery shall not commence and disclosures need not be made until a scheduling order is entered).

reasons stated below, the Court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

## I. Background

On November 8, 2004 Petitioner pled guilty in the United States District Court for the District of Maryland, to Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) and was sentenced to a forty-one (41) month term of imprisonment. Paper No. 3, Ex. 1. His sentence was later reduced to a thirty three (33) month term of imprisonment. *Id*.

In evaluating Petitioner's security and program needs, Petitioner's Presentence Report was reviewed by BOP staff. The Presentence Report revealed a 1993 conviction for Attempted Rape in the First Degree. According to Chapter 7 of BOP Program Statement 5100.07, a "Code F" PSF for a sex offense was to be applied. *Id*. On December 8, 2004, Petitioner was designated to FCI Cumberland.

Petitioner filed an administrative remedy with staff at FCI Cumberland on September 6, 2005. *Id*., Ex. 2. He requested that his PSF for the 1993 conviction be waived because he was engaged to the victim and she had lied during the state court proceedings because she was angry with Petitioner. *Id*. Petitioner pursued his administrative remedies through the Mid-Atlantic Regional Office seeking to have the Sex Offender PSF waived again stating that the victim had lied during the state court proceedings and had also been coerced to testify against him during the state court proceedings. *Id.*

## II Analysis

Congress has granted to the BOP the authority to establish a system of classification of prisoners "according tot he nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline and treatment of [prisoners]. 18 U.S.C. § 4081. The classification of prisoners was codified under 28 C.F.R. §524.10, *Classification and Program Review of Inmates*.

The BOP also adopted a program statement to supplement 28 C.F.R. § 524.10. Program Statement (PS), 5100.07, entitled "Security Designation and Custody Classification Manual," was promulgated to further assist BOP agents and employees in interpreting the regulation. The program statement provides that before a prisoner is designated to a specific BOP facility, the Community Corrections Manager assesses the prisoner's security and program needs along with other administrative factors including the level of overcrowding at the facility, the inmate's release residence, judicial recommendations, and "increased safety measures to ensure the protection of victims/witnesses and to the public in general." *Id*., Ex. 1.

Section 7 of PS 5100.07 states that PSFs are required where, the prisoner is a gang member, a deportable alien, a threat to a government official, or a sex offender. *Id*. Specifically, Section 7 of PS 5100.07 provides that a Sex Offender PSF is to be imposed on any prisoner whose current or past behavior included any of the following elements:

(1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery):

(2) Possession, distribution or mailing of child pornography or related paraphernalia;

(3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance);

>   (4)   Any sexual act or contact not identified above that is aggressive or abusive in nature (rape by instrument, encouraging use of a minor for prostitution purposes, incest). Examples may be documented by state or Bureau of Prisons' indecent reports, clear NCIC entries, or the official documentation;
>
>   (5)   Attempts are to be treated as if the sexual act or contact was completed; and/or
>
>   (6)   Any offense referenced in the Sex Offender Notification and Registration Program Statement.

Classification of inmates is within the sound discretion of prison personnel. *Procunier v. Martinez*, 416 F.2d 1248, 1250 (5th Cir. 1990); *Sweeet v. South Carolina Dep't of Corrections*, 529 F.2d 854 859 (4th Cir. 1975). *See also Fox v. Lappin*, 409 F. Supp 2d 79, 89-90)(D. Mass. 2006)(holding that federal prisoner's classification as a sex offender based on state sexual assault conviction was not abuse of BOP discretion, since it is permissible for BOP to include prior state conviction for purpose of inmate classification).  There is no abuse of discretion in the BOP's reliance upon information contained in Petitioner's Pre-Sentence report to impose the Sex Offender PSF on Petitioner.  Essentially, Petitioner contends that his 1993 conviction does not fall within the PS 5100.07 conduct because the conviction does not accurately reflect what occurred.  Petitioner has not stated that he objected to the Pre-sentence report at the time of sentencing or that the PSI was incorrect, or more importantly that the state court conviction has been over turned.  Petitioner was convicted of Attempted Rape in the First Degree in the State of New York in 1993. *Id.*, Ex. 1.  This conviction has not been vacated, expunged, or in any other way over turned.  As such, Petitioner's protestations that the victim lied are unavailing.  Accordingly, there is no abuse of discretion on the part of the BOP in relying on the Pre-Sentence report in applying a Sex Offender PSF to Petitioner.

Petitioner's claim that the BOP's actions violated his right to due process also fails.  By virtue of a valid criminal conviction and his subsequent legal confinement, a prisoner loses his

expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that he has been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). The Constitution itself does not create a protected liberty interest in the participation in rehabilitative programs or confinement to a particular institution.. *See Moody v. Daggett*, 429 U.S. 78, 88 no. 9 (1976) (inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials); *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Accordingly, Petitioner's claim, to the extent it can be construed as alleging a Due Process violation because the application of the Sex Offender SPF denies him the opportunity to participate in certain programing fails.

### III Conclusion

The BOP's decision to apply a Sex Offender SPF to Petitioner is not an abuse of discretion, and does not violate due process. Accordingly, Petitioner's application for a Writ of Habeas Corpus under 28 U.S.C. § 2241 will be denied. A separate order follows.

Date: February 28, 2007                          /s/
                                        Alexander Williams, Jr.
                                        United States District Judge